# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BONUTTI SKELETAL INNOVATIONS LLC, ) ) ) Plaintiff, ) ) vs. ) ) ZIMMER HOLDINGS, INC. and ) ZIMMER, INC., ) ) Defendants. ) | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Bonutti Skeletal Innovations LLC ("Bonutti Skeletal") hereby asserts claims of patent infringement against Zimmer Holdings, Inc. and Zimmer, Inc. (collectively, "Zimmer" or "Defendants"), and alleges as follows:

## THE PARTIES

1. Bonutti Skeletal is a Delaware limited liability company having a place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

2. On information and belief, Zimmer Holdings, Inc. is a Delaware corporation having a place of business at 345 East Main Street, Warsaw, Indiana 46580.

3. On information and belief, Zimmer, Inc. is a Delaware corporation having a place of business at 1800 West Center Street, Warsaw, Indiana 46581-0708.

4. On information and belief, Zimmer, Inc. is a wholly owned subsidiary of Zimmer Holdings, Inc.

## PATENTS-IN-SUIT

5. U.S. Patent No. 6,702,821 ("the '821 patent"), entitled "Instrumentation For Minimally Invasive Joint Replacement and Methods For Using Same," was lawfully issued on March 9, 2004 to the inventor Peter M. Bonutti ("Dr. Bonutti"). Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '821 patent by the accused products and the use thereof. A copy of the '821 patent is attached as Exhibit A.

6. U.S. Patent No. 7,806,896 ("the '896 patent"), entitled "Knee Arthroplasty Method," was lawfully issued on October 5, 2010 to the inventor Dr. Bonutti. Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '896 patent by the accused products and the use thereof. A copy of the '896 patent is attached as Exhibit B.

7. U.S. Patent No. 8,133,229 ("the '229 patent"), entitled "Knee Arthroplasty Method," was lawfully issued on March 13, 2012 to the inventor Dr. Bonutti. Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '229 patent by the accused products and the use thereof. A copy of the '229 patent is attached as Exhibit C.

## BACKGROUND

8. Dr. Bonutti is an orthopedic surgeon with experience in performing over 20,000 orthopedic surgical procedures.

9. Because of Dr. Bonutti's expertise, insights, experience and research efforts, Dr. Bonutti is an inventor or co-inventor of over 150 U.S. patents, including the '821 patent, the '896 patent and the '229 patent (collectively, "the patents-in-suit").

10. The patents-in-suit involve specialized procedures, instruments, implants, kits and systems invented by Dr. Bonutti for performing minimally invasive knee surgery.

11. On information and belief, Zimmer designs, develops, manufactures, offers for sale, sells, uses, distributes and markets knee implants and surgical instruments used in minimally invasive knee surgery.

12. On information and belief, Zimmer creates, distributes and otherwise makes available to surgeons and the public at large instructions for use and/or videos on surgical techniques for implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, and associated instruments, including, but not limited to, the Zimmer Patient Specific Instruments.

13. On information and belief, Zimmer creates, distributes and otherwise makes available to surgeons and the public at large instructions for use and/or videos on Zimmer surgical instruments for implanting Zimmer knee implants including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, including creating, distributing and otherwise making available to surgeons and the public at large instructions and/or videos on the use of these Zimmer surgical instruments, including, but not limited to, the Zimmer Patient Specific Instruments.

14. On information and belief, the Zimmer Institute is created, organized, sponsored, funded and run by Zimmer, and Zimmer, through at least the Zimmer Institute, offers a variety of courses conducted at regional training facilities across the country which provide exposure to the latest surgical procedures, including courses on Primary and Revision Arthroplasty, Unicompartmental Knee Arthoplasty and minimally invasive surgery ("MIS") techniques and instruments for implanting knee implants including specifically the Zimmer total, revision and

unicompartmental knee implants and MIS instruments for use in implanting the Zimmer total, revision and unicompartmental knee implants.

15.     On information and belief, Zimmer, through at least the Zimmer Institute, offers a surgical video library that provides videos of surgeries performed by its faculty. This video library includes surgical video programs for procedures using Zimmer knee products including, but not limited to, the Zimmer Unicompartmental High Flex Knee System and associated Zimmer Patient Specific Instruments, and other related instruments.

16.     On information and belief, Zimmer, through the Zimmer Institute, offers Surgeon-To-Surgeon ("S2S") programs with participants attending a day or more of observation in an expert faculty member's operating room. These programs include specific procedural instruction. The Zimmer Institute offers enrollment for S2S programs on topics including, but not limited to, the Zimmer Patient Specific Instruments utilized with the Zimmer Unicompartmental High Flex Knee System.

17.     In 1988, Dr. Bonutti received an A.O.A Bristol Meyer-Zimmer Award and, from 2001 to 2003, Dr. Bonutti was a consultant for Zimmer in relation to Unicompartmental Knee Arthroplasty.

18.     As early as at least 2001, Zimmer, Inc. recognized Dr. Bonutti's knowledge and skill in the design and evaluation of orthopaedic implants and in orthopaedic surgical techniques, and expressed its desire to obtain patent rights, licenses and expertise from Dr. Bonutti pertaining to minimally invasive instrumentation, implants and techniques including a new unicondylar knee implant system with associated MIS instrumentation. This desire was memorialized in an October 2001 license agreement signed by Zimmer.

19. Zimmer, in March 2003, terminated its 2001 license agreement with Dr. Bonutti on the unicondylar knee implant system.

20. Zimmer, Inc. further expressed its interest in Dr. Bonutti's knowledge and expertise in a confidential disclosure agreement made on April 24, 2002 in which Zimmer, Inc. and Bonutti Research, Inc. entered into a confidential business relationship for the exchange of information related to MIS Technologies.

21. Prior to February 10, 2003, Dr. Bonutti and/or representatives of Dr. Bonutti, engaged in patent discussions with Zimmer officials in which Dr. Bonutti and/or his representatives disclosed certain ideas related to knee arthroplasty. On November 6, 2002, and again on February 7, 2003, Dr. Bonutti met with Zimmer officials.

22. In February 2003, Dr. Bonutti and/or his representatives continued to meet with Zimmer officials to discuss certain intellectual property rights of Dr. Bonutti and met on at least four occasions from February 2003 through February 15, 2007.

23. On information and belief, as a result of this contact and communication between Dr. Bonutti and Zimmer, as well as the activities of Zimmer in the field of knee implants, Zimmer was aware of the patenting activities of Dr. Bonutti and had knowledge of Dr. Bonutti's patent portfolio and the patents-in-suit.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

25. This Court has personal jurisdiction over Defendants because, among other things, Defendants are both Delaware corporations and are thus subject to personal jurisdiction in

this District, and because, on information and belief, Defendants engage in substantial and ongoing business in this District.

26.     On information and belief, Defendants offer to sell, sell and distribute their knee implants and/or knee implant related instruments and products, which either infringe one or more of the patents-in-suit or are for use in infringing procedures, to healthcare institutions and/or medical professionals within this District. On information and belief, Defendants' knee implants and/or knee implant related instruments and products are used, including in infringing procedures, by healthcare institutions and/or medical professionals within this District. On information and belief, Defendants, independently and/or collectively, have committed, contributed to and/or induced acts of patent infringement within this District.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I – INFRINGEMENT OF THE '821 PATENT

28.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

29.     On information and belief, Defendants, directly or through the actions of their employees, divisions and/or subsidiaries, have infringed and continue to infringe the '821 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

30.     On information and belief, Defendants have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States knee implants and/or surgical instruments for use in a manner that practices the method of at least one claim of the '821 patent, and/or by, among other things, using and implanting (and/or instructing and

encouraging medical professionals to implant) Zimmer knee implants and/or using (and/or instructing and encouraging medical professionals to use) Zimmer surgical instruments in a manner that practices the method of at least one claim of the '821 patent. The knee implants and products include, but are not limited to, the Zimmer Unicompartmental High Flex Knee System and/or associated instruments, products and surgical technique guides.

31. On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using and implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, and/or using Zimmer surgical instruments, including those designed, manufactured, offered for sale, sold, promoted and marketed by the Defendants for use in implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, in the United States in a manner that practices the method of at least one claim of the '821 patent.

32. On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '821 patent.

33. On information and belief, Defendants have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use and implant within the United States Zimmer knee implants and/or to use Zimmer surgical instruments in a manner that practices the method of at least one claim of the '821 patent, by, for example, creating and distributing instructions for use and surgical technique guides for Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System

and associated instruments, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of instruments specially designed and used for implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, in a manner that practices the method of at least one claim of the '821 patent.

34. On information and belief, Defendants' infringement of the '821 patent is and has been willful and deliberate.

## COUNT II – INFRINGEMENT OF THE '896 PATENT

35. Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

36. On information and belief, Defendants, directly or through the actions of their employees, divisions and/or subsidiaries, have infringed and continue to infringe the '896 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

37. On information and belief, Defendants have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States knee implants and/or surgical instruments for use in a manner that practices the method of at least one claim of the '896 patent, and/or by, among other things, using and implanting (and/or instructing and encouraging medical professionals to implant) Zimmer knee implants and/or using (and/or instructing and encouraging medical professionals to use) Zimmer surgical instruments in a manner that practices the method of at least one claim of the '896 patent. The knee implants and products include, but are not limited to, the Zimmer Unicompartmental High Flex Knee System

and associated instruments, including, but not limited to, the Zimmer Patient Specific Instruments, and surgical technique guides.

38. On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using and implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System and/or using Zimmer surgical instruments, including those designed, manufactured, offered for sale, sold, promoted and marketed by the Defendants for use in implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System and its associated instruments, including, but not limited to, the Zimmer Patient Specific Instruments, in the United States in a manner that practices the method of at least one claim of the '896 patent.

39. On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '896 patent.

40. On information and belief, Defendants have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use and implant within the United States Zimmer knee implants and/or to use Zimmer surgical instruments in a manner that practices the method of at least one claim of the '896 patent, by, for example, creating and distributing instructions for use and surgical technique guides for Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System and the Zimmer Patient Specific Instruments, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of

instruments specially designed and used for implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System in a manner that practices the method of at least one claim of the '896 patent.

41. On information and belief, Defendants' infringement of the '896 patent is and has been willful and deliberate.

## COUNT III – INFRINGEMENT OF THE '229 PATENT

42. Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

43. On information and belief, Defendants, directly or through the actions of their employees, divisions and/or subsidiaries, have infringed and continue to infringe the '229 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

44. On information and belief, Defendants have infringed and continue to infringe the '229 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States knee implants and/or surgical instruments for use in a manner that practices the method of at least one claim of the '229 patent, and/or by, among other things, implanting (and/or instructing and encouraging medical professionals to implant) Zimmer knee implants and/or using (and/or instructing and encouraging medial professionals to use) Zimmer surgical instruments in a manner that practices the method of at least one claim of the '229 patent. The knee implants and products include, but are not limited to, the Zimmer Unicompartmental High Flex Knee System and/or associated instruments, products and surgical technique guides.

45. On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '229 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using and implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, and/or using Zimmer surgical instruments, including those designed, manufactured, offered for sale, sold, promoted and marketed by the Defendants for use in implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, in the United States in a manner that practices the method of at least one claim of the '229 patent.

46. On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '229 patent.

47. On information and belief, Defendants have infringed and continue to infringe the '229 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use and implant within the United States Zimmer knee implants and/or to use Zimmer surgical instruments in a manner that practices the method of at least one claim of the '229 patent, by, for example, creating and distributing instructions for use and surgical technique guides for Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System and associated instruments, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of instruments specially designed and used for implanting Zimmer knee implants, including, but not limited to, the Zimmer Unicompartmental High Flex Knee System, in a manner that practices the method of at least one claim of the '229 patent.

48. On information and belief, Defendants' infringement of the '229 patent is and has been willful and deliberate.

## DAMAGES AND RELIEF

49. As a consequence of Defendants' infringement of the patents-in-suit, Bonutti Skeletal has been damaged in an amount not yet determined and will suffer additional irreparable damage unless Defendants' infringing acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Bonutti Skeletal respectfully requests that the Court enter judgment against Defendants:

A. Determining that Defendants have infringed and continue to infringe one or more claims of the '821 patent;

B. Determining that Defendants have infringed and continue to infringe one or more claims of the '896 patent;

C. Determining that Defendants have infringed and continue to infringe one or more claims of the '229 patent;

D. Preliminarily and permanently enjoining Defendants, their respective officers, agents, servants, directors, employees and attorneys, and all persons acting in concert or participation with them, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing, inducing others to infringe, or contributing to the infringement of the patents-in-suit;

E. Ordering Defendants to account for and pay to Bonutti Skeletal all damages suffered by Bonutti Skeletal as a consequence of Defendants' infringement of the patents-in-suit, together with interest and costs as fixed by the Court;

F.      Trebling or otherwise increasing Bonutti Skeletal's damages under 35 U.S.C. § 284 on the grounds that Defendants' infringement of the patents-in-suit was deliberate and willful;

G.      Declaring that this case is exceptional and awarding Bonutti Skeletal its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

H.      Granting Bonutti Skeletal such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bonutti Skeletal hereby requests a trial by jury for all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Brian M. Rothery
Steven B. Pokotilow
Deepal S. Chadha
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

By: /s/ Philip A. Rovner

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

Dated: September 10, 2012
1074102

*Attorneys for Plaintiff Bonutti Skeletal Innovations LLC*