**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BONUTTI SKELETAL INNOVATIONS LLC, | § § § | |
| | § | C.A. No. 12-1107-GMS |
| Plaintiff, | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| ZIMMER HOLDINGS, INC. and ZIMMER, INC. | § § § | |
| Defendants. | § | |
| BONUTTI SKELETAL INNOVATIONS LLC, | § § § | |
| | § | |
| Plaintiff, | § | C.A. No. 12-1109-GMS |
| v. | § | |
| | § | |
| CONFORMIS, INC., | § | JURY TRIAL DEMANDED |
| Defendant. | § § | |
| BONUTTI SKELETAL INNOVATIONS LLC, | § § § | |
| | § | |
| Plaintiff, | § | C.A. No. 12-1110-GMS |
| v. | § | |
| | § | |
| WRIGHT MEDICAL GROUP, INC. and WRIGHT MEDICAL TECHNOLOGY, INC. | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
LITIGATION PENDING *INTER PARTES* REVIEW**

OF COUNSEL:
Ken Liebman (*admitted pro hac vice*)
Elizabeth Cowan Wright (*admitted pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: ken.liebman@faegrebd.com
Email: elizabeth.cowanwright@faegrebd.com


Daniel M. Lechleiter (*admitted pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Phone: (317) 237-0300
Fax: (317) 237-1000
Email: daniel.lechleiter@faegrebd.com

Jack B. Blumenfeld (No. 1014)
Jeremy A. Tigan (No. 5239)
**MORRIS, NICHOLS, ARSHT &
TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899
Phone: (302) 658-9200
Fax: (302) 658-3989
Email: jblumenfeld@mnat.com
Email: jtigan@mnat.com


*Attorneys for Zimmer Holdings, Inc. and
Zimmer, Inc.*

OF COUNSEL:
Charles E. Lipsey (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
Two Freedom Square
Reston, VA  20190
(571) 203-2700


Howard W. Levine (*admitted pro hac vice*)
Sanya Sukduang (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000
Email: howard.levine@finnegan.com
Email: Sanya.Sukduang@finnegan.com


Alissa K. Lipton (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
Two Seaport Lane
Boston, MA  02210-2001
(617) 646-1600

Melanie K. Sharp (No. 2501)
Samantha G. Wilson (No. 5816)
**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Rodney Square
100 North King Street
Wilmington, DE  19801
(302) 571-6681
Email: msharp@yest.com
Email: swilson@ycst.com


*Attorneys for ConforMIS, Inc.*

OF COUNSEL:
Anthony J. Fitzpatrick (*admitted pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA  02110-1724
Telephone: (857) 488-4200
Facsimile: (857) 401-3018

Email: ajfitzpatrick@duanemorris.com


Samuel W. Apicelli (*admitted pro hac vice*)
Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103
Telephone: (215) 979-1000
Facsimile: (215) 979-1000
Email: swapicelli@duanemorris.com
Email: jspollack@duanemorris.com

Matt Neiderman (No. 4018)
Benjamin A. Smyth (No. 5528)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE  19899
Telephone: (302) 657-4920
Facsimile: (302) 397-2543
Email: mneiderman@duanemorris.com
Email: basmyth@duanemorris.com


*Attorneys for Wright Medical Group, Inc. and
Wright Medical Technology, Inc.*

Dated:  January 22, 2014

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

II.     SUMMARY OF THE ARGUMENT ......................................................................2

III.    STATEMENT OF FACTS ......................................................................................4

      A.    BSI Monetizes Patents Through Licensing and Litigation. ............................4

      B.    The BSI Knee Patents Are Related Members of a Single Patent Family. ........................................................................................................5

      C.    S&N, Zimmer, and Wright Medical Each Independently Petitioned for *Inter Partes* Review of Certain BSI Knee Patents. .....................................6

      D.    The Defendants' Proposed Estoppel and the Statutory Estoppel Arising from *Inter Partes* Review. ...................................................................7

IV.     ARGUMENT ..........................................................................................................9

      A.    Staying the BSI Cases Will Simplify the Issues. ...........................................10

          1.   The Issue Simplification Resulting from a Stay Is Well-Recognized. .......10

          2.   Staying the BSI Cases Will Simplify the Issues Even if Not Every Asserted Claim Undergoes IPR. ......................................................................12

      B.    A Stay of the BSI Cases Will Not Unduly Prejudice, or Present a Clear Tactical Disadvantage to, BSI. ............................................................17

      C.    The Early Stage of this Litigation Strongly Favors a Stay. ...........................20

V.      CONCLUSION .....................................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*AIP Acquisitions v. Level 3 Commc'ns, LLC*,
  No. 1:12-cv-00617-GMS (D. Del. Jan. 7, 2014) ............................................... 9, 15

*Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699,
  2012 WL 1607145 (W.D. Pa. May 8, 2012) ....................................................... 19

*Alloc, Inc. v. Unilin Decor NV*, No. 03-cv-253-GMS,
  2003 WL 21640372 (D. Del. July 11, 2003) ................................................... 3, 14

*BodyMedia, Inc. v. Basis Sci., Inc.*, No. 12-cv-133 (GMS),
  2013 WL 2462105 (D. Del. June 6, 2013) ..................................................... 18, 19

*Celorio v. On Demand Books LLC*, No. 12-821-GMS,
  2013 WL 4506411 (D. Del. Aug. 21, 2013) ................................................ 9, 11, 18

*Consolidated Aluminum Corp. v. Hi-Tech Ceramics, Inc.*, No. CIV-87-983E,
  1988 WL 32213 (W.D.N.Y. Apr. 1, 1998) ....................................................... 3, 17

*Cost Bros. Inc. v. Travelers Indem. Co.*, 760 F.2d 58 (3d Cir. 1985) .......................... 9

*Davol, Inc. v. Atrium Med. Corp.*, No. 12-cv-958-GMS,
  2013 WL 3013343 (D. Del. June 17, 2013) ................................................... 10, 11

*Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503 (D. Del. 2012) ........... 10, 19

*e-Watch, Inc. v. ACTi Corp.*, No. 5:12-cv-00695-FB-PMA, slip op. at 17
  (W.D. Tex. Aug. 9, 2013) ............................................................................ 15

*e-Watch, Inc. v. Lorex Canada, Inc.*, No. 4:12-cv-03314, slip op. at 5-7
  (S.D. Tex. Sept. 26, 2013) .......................................................................... 15

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) ................. 10

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS-MPT,
  2012 WL 5599338 (D. Del. Nov. 15, 2012) ....................................................... 13

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR,
  2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ..................................................... 18

*In re Bear Creek Techs., Inc.*, No. 12-md-2344-GMS,
  2013 WL 3789471 (D. Del. July 17, 2013) ................................................... 9, 15, 18

*Krippelz v. Ford Motor Co.*, 667 F.3d 1261 (Fed. Cir. 2012) ................................. 11

*Microsoft Corp. v. ProxyConn, Inc.*, Nos. IPR2012-00026 (TLG),
    IPR2013-00109 (TLG), 2013 WL 5947704 (P.T.A.B. Feb. 25, 2013)................................6, 13

*Mission Abstract Data L.L.C. v. Beasley Broadcast Grp.*, No. 11-176-LPS,
    2011 WL 5523315 (D. Del. Nov. 14, 2011)............................................................................18

*Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS,
    2013 WL 3353984 (D. Del. July 2, 2013)................................................................3, 13, 20

*Pegasus Dev. Corp. v. Directv, Inc.*, No. 00-1020-GMS,
    2003 WL 21105073 (D. Del. May 14, 2003) ...........................................................................9

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
    No. 1:12-cv-01561-LPS-CJB, slip op. (D. Del. Jan. 15, 2014)..............................................19

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*, No. C 08-0930 PJH,
    2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) ........................................................................14

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
    No. C. 12-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) ......................................14

*Round Rock Research LLC v. Dole Food Co.*, Civil Action Nos. 11-1239-RGA,
    11-1241-RGA, 11-1242-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) .............................11

*Ruckus Wireless, Inc. v. Netgear, Inc.*, No. C 09-5271 PJH,
    2010 WL 1222151 (N.D. Cal. Mar. 25, 2010)........................................................................14

*Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337 (Fed. Cir. 1998) ....................................10

*SMT Solutions, Inc. v. ExpoEvent Supply LLC*, No. 11-6225 (ES) (CLW),
    2012 WL 3526830 (D.N.J. Aug. 15, 2012) .............................................................................14

*Software Rights Archive, LLC v. Facebook, Inc.*,
    Nos. C-12-3970 RMW, C-12-3971 RMW, C-12-3972 RMW,
    2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) .....................................................10, 13-14, 19

*SSW Holding Co. v. Schott Gemtron Corp.*, No. 3:12-cv-661-S,
    2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) ........................................................................12

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI),
    1995 WL 20470 (N.D. Cal. Jan. 13, 1995)..............................................................................11

*Textron Innovations Inc. v. Toro Co.*, No. 05-486 (GMS),
    2007 WL 7772169 (D. Del. Apr. 25, 2007)..............................................................................11

*Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309 (Fed. Cir. 2013) ..........................11

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013)....................................................................................9

-vi-

*Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316 (Fed. Cir. 2001)............................................9

*Walker Digital, LLC v. Google, Inc.*, No. 11-cv-309-SLR,
   2013 WL 1489003 (D. Del. Apr. 11, 2013)........................................................3, 17

**Statutes**

35 U.S.C. § 314...........................................................................................................20

35 U.S.C. § 315........................................................................................................passim

35 U.S.C. § 316...........................................................................................................20

**Other Authorities**

157 Cong. Rec. S1360-02 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl)...............................16

**Regulations**

37 C.F.R. § 42.100(c)..................................................................................................20

37 C.F.R. § 42.101(b)..................................................................................................13

37 C.F.R. § 42.122(b)..................................................................................................13

77 Fed. Reg. 48,679 (Aug. 14, 2012)............................................................................16

77 Fed. Reg. 48,695 (Aug. 14, 2012).......................................................................16, 20

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On September 10, 2012, Bonutti Skeletal Innovations LLC ("BSI") filed in this District four companion actions against Smith & Nephew, Inc. ("S&N"); Zimmer, Inc. and Zimmer Holdings, Inc. (collectively, "Zimmer"); ConforMIS, Inc.; and Wright Medical Group, Inc. and Wright Medical Technology, Inc. (collectively, "Wright Medical").[1]  BSI asserts against Zimmer six related patents directed to knee implants (the "knee patents").[2]  BSI asserts one of the six knee patents against ConforMIS and three of the six knee patents against Wright Medical.[3]  BSI also asserted four of the six knee patents against S&N.[4]

In September 2013, S&N filed *inter partes* review ("IPR") petitions in the U.S. Patent and Trademark Office ("PTO") on all of the patents asserted against it and, two weeks later, moved to stay its action.  BSI and S&N recently stipulated to a dismissal without prejudice of the S&N action.  To date, however, two of S&N's four IPR petitions on knee patents (specifically, petitions on the '9229 and '896 patents) remain pending before the PTO.

Although the six patents asserted against Zimmer collectively contain 258 claims and the single patent asserted against ConforMIS contains 48 claims, BSI has yet to identify a single claim that Zimmer or ConforMIS allegedly infringes.  With respect to the three patents asserted against Wright Medical, BSI has identified five of the 148 claims as allegedly infringed, but BSI has not limited its infringement allegations to those five claims.  The Court has not entered a

---

[1]   The Zimmer, ConforMIS, and Wright Medical cases are referred to herein, collectively, as the "BSI cases."

[2]   U.S. Patent Nos. 6,702,821 ("'821 patent"); 7,806,896 ("'896 patent"); 8,133,229 ("'3229 patent"); 7,837,736 ("'736 patent"); 7,959,635 ("'635 patent"); and 7,749,229 ("'9229 patent").

[3]   BSI asserts the '896 patent against ConforMIS and the '821, '896, and '3229 patents against Wright Medical.

[4]   BSI asserted the '821, '896, '3229, and '9229 patents against S&N, along with U.S. Patent Nos. 7,087,073 and 5,980,559.

scheduling order, and discovery has not begun, in any of the BSI cases.  Indeed, apart from the pleadings, a motion to dismiss granted in part in the ConforMIS action, and the conferences before this Court on scheduling and a potential stay, there has been no activity in the BSI cases.[5]

After S&N filed its stay motion in October 2013, Zimmer filed its own IPR petitions on the two knee patents asserted only against Zimmer (the '635 and '736 patents) and an additional IPR petition on the '896 patent.  Wright Medical has also filed its own IPR petition on the '896 patent.  Thus, including S&N's pending petitions, four of the six knee patents BSI asserts against Zimmer are presently the subjects of IPR petitions—the '635, '736, '896, and '9229 patents.

This Court has held several conferences to discuss staying the BSI cases and the scope of any estoppel that should apply to parties seeking a stay but who are not IPR petitioners for a given patent-at-issue.  The parties were unable to reach agreement on these issues, and the Court ordered the parties to submit a stipulated briefing schedule regarding a motion to stay pending the IPR petitions.  The parties did so, and Zimmer, ConforMIS, and Wright Medical (collectively, the "Defendants," or individually, a "Defendant") now jointly move to stay the BSI cases pending resolution of the IPR petitions.

## II.      SUMMARY OF THE ARGUMENT

The BSI cases should be stayed because each of the pertinent factors favors a stay:

**1)      Simplification.**  As this Court and others have repeatedly found, staying a complex patent case pending PTO review likely will promote judicial economy and simplify issues of claim construction, infringement, invalidity, and damages—four of the most significant issues in any patent case.  In view of the pending IPR petitions, this Court should stay the BSI cases.  Even though not every claim BSI could eventually assert against the Defendants is

---

[5]    The Court has deferred setting a schedule until it has decided the motions seeking a stay of the BSI cases.  (C.A. No. 12-1107, D.I. 23, Oct. 24, 2013 Tele. Conf. Tr. at 21:7-23:1.)

currently the subject of an IPR petition, staying the BSI cases likely will simplify the issues due to the relatedness of the asserted patents, the claims challenged in the IPRs, their dependent claims, and, due to the overlap in asserted patents, the BSI cases. *See, e.g., Alloc, Inc. v. Unilin Decor NV*, No. 03-cv-253-GMS, 2003 WL 21640372, at \*2 (D. Del. July 11, 2003). This simplification is enhanced by each Defendant's willingness—at this Court's request, in order to facilitate a stay—to consent to an estoppel with respect to the '821, '3229, '9229, and '896 patents as to grounds actually raised in an IPR petition filed by another Defendant or S&N and used by the PTO as the basis for a final, non-appealable judgment on the merits with respect to such petition.[6] Moreover, there are two actions involving three of the knee patents pending in other Districts, and their relatively advanced stages may result in issues of validity being decided while the BSI cases are stayed, further simplifying the issues. *See Consolidated Aluminum Corp. v. Hi-Tech Ceramics, Inc.*, No. CIV-87-983E, 1988 WL 32213, at \*1 (W.D.N.Y. Apr. 1, 1998).

2) **Lack of Prejudice.** BSI, a non-practicing entity, will not be prejudiced by a stay because it can be compensated with money damages for any resulting delay. *Walker Digital, LLC v. Google, Inc.*, No. 11-cv-309-SLR, 2013 WL 1489003, at \*2 (D. Del. Apr. 11, 2013).

3) **Early Timing.** The timing of this motion favors a stay, as BSI has done nothing to move the BSI cases forward, the Court has deferred setting a schedule, and the parties have not even begun discovery. *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at \*5 (D. Del. July 2, 2013).

---

[6] The stipulated estoppel does not apply to situations in which an IPR petition is withdrawn, terminated due to settlement, or otherwise terminated in a manner that does not address the merits of the arguments made in support of the petition, such as, for example, as a result of a settlement or BSI's disclaimer of one or more claims at issue in the petition. *See, e.g., infra* note 9 and accompanying text.

## III.    STATEMENT OF FACTS

### A.    BSI Monetizes Patents Through Licensing and Litigation.

BSI is owned by Acacia Research Corporation ("Acacia"), which is in the business of "patent licensing."  (*See* Ex. A at 1; D.I. 4.)[7]  BSI and Acacia do not compete in the knee replacement market or produce any knee replacement products.  (*See* Ex. B at 7 (Acacia "promote[s] a **secondary market**" for patents (emphasis added)).)  Rather, their interest in patents is that of "strategic patent licensing and monetization."  (*See* Ex. C at 1.)  Acacia intends its medical device patents, such as the knee patents at issue here, to be "another major growth driver for Acacia."  (*See* Ex. D at 1.)

To accomplish its monetization strategy, BSI has filed multiple actions, against multiple medical device companies, in multiple jurisdictions.  On September 10, 2012, BSI filed the pending BSI cases and its action against S&N, but then waited 116 days to serve the Complaints.  (*See* D.I. 1, 5-7; *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, Civil Action No. 12-1109 (GMS) ("*BSI v. ConforMIS*"), D.I. 1, 5; *Bonutti Skeletal Innovations, LLC v. Wright Medical Group, Inc.*, Civil Action No. 12-1110 (GMS) ("*BSI v. Wright Medical*"), D.I. 1, 5-7.)  BSI currently alleges that Zimmer infringes the '821, '896, '3229, '9229, '736, and '635 patents; that ConforMIS infringes the '896 patent, and that Wright Medical infringes the '821, '896, and '3229 patents.  (*See* D.I. 10; *BSI v. ConforMIS*, D.I. 1; *BSI v. Wright Medical*, D.I. 7.)

Three of the knee patents asserted in the BSI cases—the '821, '896, and '3229 patents— are the subjects of two actions pending in other Districts.  On September 10, 2012, the same day that BSI initiated the BSI cases, BSI sued several DePuy subsidiaries of Johnson & Johnson in

---

[7]    Unless otherwise indicated, citations to ECF docket entries (introduced with "D.I.") are citations to *Bonutti Skeletal Innovations LLC v. Zimmer Holdings, Inc.*, Civil Action No. 12-1107 (GMS) ("*BSI v. Zimmer*").  Citations to lettered exhibits are citations to the Exhibits to the Declaration in Support of Defendants' Joint Motion to Stay, filed herewith.

the District of Massachusetts, and currently alleges infringement of seven patents, including those three knee patents.  (*Bonutti Skeletal Innovations LLC v. DePuy Mitek LLC*, No. 1:12-cv-11667-RGS (D. Mass.) (the "*DePuy* Action"); *see* Ex. E ¶¶ 11-13.)  The parties in the *DePuy* Action have exchanged preliminary infringement and invalidity contentions, *Markman* briefing has begun, a *Markman* hearing is set for March 27, 2014, and dispositive motions are due on October 23, 2014.  (*See* Ex. F at 5-8.)  In addition, Biomet, Inc. filed suit against BSI on March 8, 2013 in the Northern District of Indiana seeking a declaratory judgment that fifteen patents are not infringed and are invalid.  (*Biomet, Inc. v. Bonutti Skeletal Innovations LLC*, No. 3:13-cv-00176-JVB-CAN (N.D. Ind.) (the "*Biomet* Action"); *see* Ex. G.)  BSI counterclaimed for infringement of all fifteen patents, including the three aforementioned knee patents.  (*See* Ex. H.) *Markman* briefing in the *Biomet* Action is due to conclude on May 12, 2014.  (Ex. I at 2.)

**B.      The BSI Knee Patents Are Related Members of a Single Patent Family.**

As shown in the chart below, all six knee patents asserted in the BSI cases are related as divisional, continuation, and/or continuation-in-part applications and, with certain modifications, share a common specification:



The '635 patent is a divisional of the '821 patent asserted against both Zimmer and Wright Medical and, therefore, has a specification identical to the '821 patent's and also shares common claim terms with the '821 patent, such as "guide member," "cutting tool," and "guide surface." (Ex. J (identifying common claim terms).) The '3229 and '9229 patents, which are related to the '821 and '635 patents through a series of continuations and continuations-in-part, also share those same claim terms. (*Id.*)

## C.      S&N, Zimmer, and Wright Medical Each Independently Petitioned for *Inter Partes* Review of Certain BSI Knee Patents.

In September 2013, S&N filed IPR petitions on every claim identified by BSI as purportedly infringed by S&N and then moved to stay the case against it. (*See Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, Civil Action No. 12-1111 (GMS) ("*BSI v. S&N*"), D.I. 28 at 3; *id.*, D.I. 27.) Subsequently, on January 3, 2014, BSI and S&N stipulated to a dismissal without prejudice of BSI's claims against S&N. (*Id.*, D.I. 51, 52.) The timing of this stipulation of dismissal prejudiced the Defendants' ability to file additional IPR petitions on the patents for which S&N had previously filed IPR petitions, as BSI did not file the stipulation of dismissal until immediately prior to the January 6, 2014 statutory deadline for Zimmer and ConforMIS to file stand-alone[8] IPR petitions. To date, however, S&N's IPR petitions on two of the six knee patents—the '896 and '9229 patents—remain pending before the PTO.[9]

---

[8]   In this context, "stand-alone" is used to refer to an IPR petition (1) filed prior to the statutory deadline for such filing, and (2) whose pendency is not dependent upon a predicate finding that the petition properly can be joined with another, timely filed petition on the same patent. *See Microsoft Corp. v. ProxyConn, Inc.*, Nos. IPR2012-00026 (TLG), IPR2013-00109 (TLG), 2013 WL 5947704, at *2 (P.T.A.B. Feb. 25, 2013) ("[T]he one-year time bar [under § 315(b) for filing an IPR petition] does not apply to a request for joinder.").

[9]   On January 8, 2014, BSI filed Notices of Disclaimer with the PTO as to claim 1 of the '821 patent and claim 1 of the '3229 patent, and on January 17, 2014, the PTO terminated S&N's IPR petitions as to those patents. (Exs. K, L.) However, BSI has not filed a Notice of

There are 258 claims in the six knee patents BSI asserts against Zimmer, 48 claims in the knee patent BSI asserts against ConforMIS, and 148 claims in the three knee patents BSI asserts against Wright Medical.  (*See* D.I. 10-1 through 10-2 (39 claims); D.I. 10-3 through 10-5 (32 claims); D.I. 10-6 through 10-8 (48 claims); D.I. 10-9 through 10-11 (40 claims); D.I. 10-12 through 10-13 (39 claims); D.I. 10-14 through 10-16 (60 claims).)  Because BSI's infringement allegations are extremely vague (BSI refused to identify all—and in two cases any—of the allegedly infringing claims[10]), Zimmer and Wright Medical separately filed petitions on a subset of the claims in the patents BSI asserts against them, respectively.  Zimmer filed petitions on independent claims 15 and 31 of the '736 patent, independent claims 1 and 30 of the '635 patent, independent claim 40 of the '896 patent, and certain dependent claims of each patent.  (Exs. M, N, O.)  Similarly, Wright Medical filed an IPR petition on independent claims 1, 13, 25, and 40 of the '896 patent.  (Ex. P.)  Thus, of the six knee patents asserted in the BSI cases, two (the '635 and '736 patents) are the subjects of Zimmer's IPR petitions; a third (the '896 patent) is the subject of three IPR petitions independently filed by Zimmer, Wright Medical, and S&N; and a fourth (the '9229 patent) is the subject of an S&N petition.  (*BSI v. S&N*, D.I. 29-4, 29-6.)

**D.     The Defendants' Proposed Estoppel and the Statutory Estoppel Arising from *Inter Partes* Review.**

At this Court's request, in order to facilitate a stay, each Defendant is willing to stipulate to an estoppel with respect to a patent for which another Defendant or S&N has filed an IPR petition.  Such stipulation would estop each Defendant from later contesting in its respective BSI

---

Disclaimer as to the '896 or '9229 patents and, to date, S&N's IPR petitions on those patents remain pending in the PTO.

[10]   BSI asserted that it could not identify allegedly infringed claims because it did not have the documents and devices it said it needed to properly assess infringement.  (D.I. 28, Nov. 26, 2013 Tele. Conf. Tr. at 12:25-13:5, 15:17-22, 20:17-20.)  Although ConforMIS produced, on an expedited basis, the documents BSI requested along with a representative sample of an accused infringing device, BSI still has not identified any allegedly infringed claim.

case the validity of claims at issue in an IPR petition filed by another Defendant or S&N on grounds actually raised in the petition and used by the PTO as the basis for a final, non-appealable judgment on the merits with respect to such petition,[11] as set forth in Paragraph 2 of the Proposed Order attached hereto.  (Ex. Q ¶ 2.)  The estoppel would not apply to any other judicial, administrative, or other proceeding.  (*Id.* ¶ 4.)  In particular, Defendants agree as follows:

> Should any S&N IPR Claim, Wright Medical IPR Claim, or Zimmer IPR Claim survive a Knee Patent IPR after a final, non-appealable judgment on the merits of a Knee Patent IPR petition addressing such claim without being amended, narrowed, or substituted, and to the extent estoppel under 35 U.S.C. § 315(e)(2) does not apply, each Defendant shall be estopped in the above-captioned action in which it is named as a Defendant from challenging the validity of such claim, to the extent such claim is asserted in such action, as being (a) anticipated under 35 U.S.C. § 102 on the basis of any prior art reference specifically asserted by S&N, Wright Medical, or Zimmer to anticipate such claim and specifically used by the PTAB in a finding of anticipation as to such claim, or (b) obvious under 35 U.S.C. § 103 on the basis of *(i)* any prior art reference specifically asserted by S&N, Wright Medical, or Zimmer to alone render such claim obvious and specifically used by the PTAB in a finding of obviousness as to such claim in view of such reference alone, or *(ii)* a combination of two or more prior art references specifically asserted by S&N, Wright Medical, or Zimmer to render such claim obvious in combination and specifically used by the PTAB in a finding of obviousness as to such claim in view of the combination of such references.

(*Id.* (footnotes omitted).)

Although Zimmer and Wright Medical may ultimately be subject to statutory estoppel under 35 U.S.C. § 315 (e)(2) with respect to their own IPR petitions, ConforMIS, which has not filed any petitions, is not subject to such estoppel.  (*Id.* ¶ 2 n.3.)[12]  The Proposed Order further provides that regardless of the outcome of any IPR, the Defendants shall not be estopped from asserting invalidity based on any ground not specifically identified in Paragraph 2, quoted above.

---

[11] *See supra* note 6 and accompanying text.

[12] *See also infra* note 15 and accompanying text.

(*Id.* ¶ 3.)  The Defendants' proposed estoppel is consistent with that ordered by this Court in other cases in which the Court has imposed a stay and which involved a mix of defendants who were IPR petitioners and defendants who were not.  *See, e.g.*, *AIP Acquisitions v. Level 3 Commc'ns, LLC*, No. 1:12-cv-00617-GMS (D. Del. Jan. 7, 2014) (Ex. R), D.I. 62 (stipulation of limited estoppel); *id.* at D.I. 63 (D. Del. Jan. 9, 2014) (granting stay) (Ex. S); *In re Bear Creek Techs., Inc.*, No. 12-md-2344-GMS, 2013 WL 3789471 (D. Del. July 17, 2013) (same); *AIP Acquisitions v. Level 3 Commc'ns, LLC*, No. 1:12-cv-00617-GMS (D. Del. Dec. 27, 2013) (order regarding limited estoppel) (Ex. T).

## IV.   ARGUMENT

The Court's inherent power to stay the BSI cases pending a PTO proceeding is well-established and lies within the sound discretion of the Court.  *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (citing *Cost Bros. Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985)).

In determining whether a stay is appropriate, a court is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Pegasus Dev. Corp. v. Directv, Inc.*, No. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003) (internal quotations omitted) (citing cases).  However, a "court's inquiry is not limited to these three factors—the totality of the circumstances governs."  *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).  Each and every one of these three factors, as well as the totality of the circumstances, weighs in favor of staying the BSI cases.

A.    **Staying the BSI Cases Will Simplify the Issues.**

Staying the BSI cases pending resolution of the knee patent IPRs will simplify the issues to be litigated in several significant respects, including by eliminating certain claims from consideration if the PTO cancels them and clarifying the scope of the remaining claims—which will necessarily impact discovery, infringement, invalidity, and damages issues in these cases.

1.    **The Issue Simplification Resulting from a Stay Is Well-Recognized.**

As the Federal Circuit has stated, "in a stayed infringement proceeding, 'if the [patentee's] claims were canceled in the reexamination, [it] would eliminate the need to try the infringement issue.'" *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1342 (Fed. Cir. 1998)). Indeed, there is a high probability that the claims undergoing IPR will be canceled or amended. The PTO canceled several claims in its two IPR decisions to date and canceled or narrowed claims in 92% of granted reexaminations under the prior *inter partes* reexamination procedure. (*See* Ex. U; Ex. V at 49; Ex. W at 38-39.)  Moreover, "the higher standard to initiate an IPR [compared to reexamination] gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions." *Software Rights Archive, LLC v. Facebook, Inc.*, Nos. C-12-3970 RMW, C-12-3971 RMW, C-12-3972 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013).  These statistics showing a high probability of cancellation or amendment weigh in favor or a stay, *Davol, Inc. v. Atrium Med. Corp.*, No. 12-cv-958-GMS, 2013 WL 3013343, at *5 n.7 (D. Del. June 17, 2013), as they support "a fair inference that the issues in [these] case[s] are apt to be simplified and streamlined to some degree," *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012).  In contrast, if there is no stay and claims are canceled, "the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims." *Textron*

-10-

*Innovations Inc. v. Toro Co.*, No. 05-486 (GMS), 2007 WL 7772169, at *2 (D. Del. Apr. 25, 2007) (internal quotation marks omitted).

Any amendment of the claims or narrowing statements made by BSI during the IPRs will affect claim construction and narrow the scope of discovery and damages (at a minimum). *See, e.g.*, *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."); *Round Rock Research LLC v. Dole Food Co.*, Civil Action Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) ("even if [the claims are] neither rejected nor modified, [they] will garner additional prosecution history that may be relevant to claim construction").[13]  To avoid conducting a "significantly wider scope of discovery than necessary" and "examining the validity of claims which are modified or eliminated altogether during [IPR]," it only "makes sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants' products infringe the patent-in-suit." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).

Even in the unlikely event that every challenged claim in every patent undergoing IPR is upheld, "the court would benefit from the expert analysis the PTO conducts, thus further simplifying issues before the court." *Celorio*, 2013 WL 4506411, at *1 n.1.  Moreover, "the[se] case[s] will still be simplified" as a result of statutory estoppel to the extent it should apply to Zimmer or Wright Medical.  *See Davol*, 2013 WL 3013343, at *5 (internal quotation marks

---

[13]  "Prosecution disclaimer . . . affects claim construction and applies where an applicant's actions during prosecution prospectively narrow the literal scope of an otherwise more expansive claim limitation." *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1322 (Fed. Cir. 2013).  The doctrine of prosecution disclaimer "serve[s] to constrain the enforceable scope of patent claims commensurate with any subject matter surrendered during prosecution to obtain the patent." *Id.*

omitted) (citing cases); *see also* 35 U.S.C. § 315(e)(2).

**2.    Staying the BSI Cases Will Simplify the Issues Even if Not Every Asserted Claim Undergoes IPR.**

Faced with the indisputable simplification that would result from a stay pending resolution of the IPRs, BSI's primary argument is that a stay is not appropriate because not every claim that BSI **may** ultimately assert is undergoing IPR.  (*See, e.g.*, D.I. 28, Nov. 26, 2013 Tele. Conf. Tr. at 8:14-21, 9:18-19.)  This argument fails for numerous reasons.

*First*, BSI's "every claim" argument ignores the fact that BSI has failed to identify any other asserted claims, despite the Defendants' requests that BSI do so.  Indeed, the Court acknowledged that the Defendants' concerns about BSI's failure to do so "have merit."  (*Id.* at 17:20-18:12, 30:16-31:14).  As another Court explained when rejecting this type of argument, "[the patent owner] has not identified the claims which it contends are infringed.  While not required to do so at this time, we note that it is unhelpful in its opposition to the motion for stay to simply point out that there are 61 claims, only three of which are challenged in the *inter partes* review application."  *SSW Holding Co. v. Schott Gemtron Corp.*, No. 3:12-cv-661-S, 2013 WL 4500091, at *1, *3-4 (W.D. Ky. Aug. 21, 2013) (staying case where only 3 of 61 potential asserted claims were subject of IPR petition).  Having made a strategic decision to withhold this information, BSI cannot legitimately argue that a stay is inappropriate on the ground that not every potentially asserted claim is the subject of an IPR petition.  Denying a stay on this ground would only reward BSI for withholding the claims it intends to assert until after the one-year deadline for filing an IPR petition, *see* 35 U.S.C. § 315(b), and impeding the Defendants' abilities to fairly avail themselves of the IPR process.

Moreover, if the BSI cases are not stayed, BSI's apparently strategic delay in identifying the allegedly infringed claims does not necessarily preclude the Defendants from seeking IPR as

to additional claims of patents for which stand-alone[14] IPR petitions were timely filed. This is because "the one-year time bar [under § 315(b) for filing an IPR petition] does not apply to a request for joinder." *Microsoft Corp.*, 2013 WL 5947704, at *2; *see* 35 U.S.C. §§ 315(b), (c). Accordingly, if these cases were to go forward, the Defendants would still have time to file IPR petitions on additional claims asserted by BSI (if the claims are in a patent already undergoing IPR) and request joinder of such petition with the corresponding pending petition(s)—whether filed by the Defendant seeking joinder or another party. *See* 35 U.S.C. §§ 315(b), (c); 37 C.F.R. §§ 42.101(b), 42.122(b); *Microsoft*, 2013 WL 5947704, at *2 (granting motion for joinder as to a second IPR petition filed over a year after service of complaint alleging infringement of the IPR patent where patent owner asserted "additional claims" in concurrent district court litigation after original IPR petition had been timely filed). This is yet another reason why BSI's "every claim" argument does not justify denial of a stay.

     ***Second***, BSI's "every claim" argument is wrong as a matter of law. Even where "the issues that would remain for litigation do exceed those that might be resolved through the reexamination process," simplification of the issues "is undeniably a benefit of the requested stay and should be recognized as such." *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS-MPT, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012). "[T]he 'issue simplification' factor does not require complete overlap." *Neste Oil*, 2013 WL 3353984, at *5.

     ***Third***, BSI's "every claim" argument ignores the relatedness of the patents and claims at issue in the BSI cases and the pending IPR petitions. Numerous courts have found that the scope of claims not undergoing PTO review can still be clarified by PTO proceedings as to other claims in the same or a related patent. *See, e.g.*, *Software Rights Archive*, 2013 WL 5225522, at

---

[14]  *See supra* note 8 and accompanying text.

*5 (finding issue simplification despite the fact that the patentee might still assert 40 additional claims); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, No. C. 12-00068 JSW, 2013 WL 752474, at *4 (N.D. Cal. Feb. 27, 2013) (issues simplified even though one of the asserted patents not subject to reexamination and the PTO had declined to reexamine some of the claims in another asserted patent).  Even if BSI later asserts claims that are not the subject of IPR, simplification will still result to the extent the additional claims are related to and/or share common claim terms with the claims undergoing IPR.  *See Ruckus Wireless, Inc. v. Netgear, Inc.*, No. C 09-5271 PJH, 2010 WL 1222151, *1 (N.D. Cal. Mar. 25, 2010) (simplification would result due to common claim terms).  Indeed, issue simplification is a "real possibility" where, as here, patents subject to IPR have identical or near-identical specifications and share common claim terms—even if not every asserted patent and not every potentially asserted claim is the subject of IPR.  *See id.*; *see also SMT Solutions, Inc. v. ExpoEvent Supply LLC*, No. 11-6225 (ES) (CLW), 2012 WL 3526830, at *4 (D.N.J. Aug. 15, 2012) (finding simplification where "not all of the patents-in-suit are under reexamination" because "the patents-in-suit all share nearly identical disclosures"); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, No. C 08-0930 PJH, 2008 WL 3833576, at *1 (N.D. Cal. Aug. 15, 2008) (staying case because "closely related" and "sufficiently similar" patent was undergoing reexamination); *Alloc*, 2003 WL 21640372, at *2 (granting stay where "there is a sufficient correlation among all of the patents" although asserted patent not undergoing review).

*Fourth*, the Defendants' willingness—in order to facilitate a stay—to subject themselves to an estoppel based on another Defendant's or S&N's IPR petitions on the knee patents will further simplify the issues.  The Defendants' proposed scope of estoppel is consistent with other orders issued by this Court staying litigations involving some defendants who are not IPR

petitioners.  *See AIP Acquisitions*, No. 1:12-cv-00617-GMS (D. Del. Jan. 7, 2014), D.I. 62 (Ex. R); *id.*, D.I. 63 (D. Del. Jan. 9, 2014) (Ex. S); *In re Bear Creek Techs.*, 2013 WL 3789471.  As this Court recognized in *AIP Acquisitions*, "a limited estoppel against [the non-IPR] defendants regarding arguments actually raised by [a petitioner-defendant] in [its] IPR proceeding would reduce prejudice against the [patentee] and simplify issues at trial."  *Id.*, D.I. 60 at 5 (Ex. T).

Other courts have also stayed actions pending third-party IPRs and applied limited or no estoppel to affected defendants who are not IPR petitioners—even where the IPR petition had not yet been instituted by the PTO.  *See, e.g.*, *e-Watch, Inc. v. Lorex Canada, Inc.*, No. 4:12-cv-03314, slip op. at 5-7 (S.D. Tex. Sept. 26, 2013) (declining to require full, statutory estoppel as to non-petitioners, granting a stay before institution of a third-party IPR, and applying limited estoppel to defendant) (Ex. X); *e-Watch, Inc. v. ACTi Corp.*, No. 5:12-cv-00695-FB-PMA, slip op. at 17 (W.D. Tex. Aug. 9, 2013) (granting a stay before institution of a third-party IPR and applying no estoppel to defendant) (Exs. Y, Z).  Although not binding on this Court, these decisions further support granting a stay in light of the limited estoppel to which the Defendants in the BSI cases are willing to stipulate.

BSI, however, argues that all Defendants should be bound by the **full** scope of estoppel prescribed by 35 U.S.C. § 315(e)(2), regardless of whether the Defendant filed an IPR petition.  (*See* D.I. 32, Dec. 12, 2013 Tele. Conf. Tr. at 15:15-16:3.)  But in addition to being at odds with this Court's previous orders imposing a stay premised in part on a limited estoppel stipulation in the *AIP Acquisitions* and *Bear Creek* cases, BSI's position is contradicted by the statute, which expressly limits the estoppel to "the petitioner," "the real party in interest," or the "privy of the

petitioner."[15]  35 U.S.C. § 315(e)(2).

BSI's argument is also contradicted by the statute's legislative history, which makes clear

that automatically extending statutory estoppel to co-defendants would be "manifestly unfair":

> Whether equity allows extending privity estoppel to codefendants in litigation,
> however, will depend in large measure upon the actions of the patent owner, and
> whether he has made it reasonably and reliably clear which patent claims he is
> asserting and what they mean.  **If one defendant has instituted inter partes**
> **review, but other defendants do not have the opportunity to join that review**
> before it becomes reasonably clear which claims will be litigated and how they
> will be construed, **it would be manifestly unfair to extend privity estoppel to**
> **the codefendant.**

157 Cong. Rec. S1360-02, at *S1376 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) (emphases

added), *available at* 2011 WL 797877.

In sum, there is no merit to BSI's argument that the Defendants' proposed estoppel is an

attempt to "subvert the bargain that we came up with in the AIA," which includes a "broad

estoppel."[16]  (*See* D.I. 28, Nov. 26, 2013 Tele. Conf. Tr. at 21:1-12.)  Nothing in the statute,

---

[15]  The estoppel provisions of § 315(e)(2) cannot apply to ConforMIS, for example, because it:
(1) has not filed an IPR petition; (2) has no control over the IPR proceedings initiated by
S&N, Wright Medical, or Zimmer; and (3) is neither the real party in interest nor in privity
with S&N, Wright Medical, or Zimmer in those proceedings.  While statutory estoppel may
ultimately apply to Zimmer with respect to the IPR petitions it filed on the '736, '635, and
'896 patents, no statutory estoppel applies to Zimmer with respect to S&N's IPR petitions on
the '821, '896, '9229, and '3229 patents or Wright Medical's IPR petition on the '896 patent.
Likewise, while statutory estoppel may ultimately apply to Wright Medical with respect to the
IPR petition that it filed on the '896 patent, no statutory estoppel applies to Wright
Medical with respect to S&N's IPR petitions on the '821, '896, '9229, and '3229 patents or
Zimmer's IPR petitions on the '736, '635, and '896 patents.

[16]  Contrary to BSI's suggestion, the Defendants are not trying to circumvent the statutory
estoppel provisions of the AIA; rather, BSI seeks to expand those provisions beyond the
scope set forth in the AIA.  If BSI really believes that a non-petitioner Defendant should be
estopped to the same extent applicable to an IPR petitioner under § 315(e)(2), BSI may
challenge the petitioner's identification of the real party in interest by "provid[ing] objective
evidence" of the real party or parties in interest.  *See* Changes to Implement Inter Partes
Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered
Business Method Patents, 77 Fed. Reg. 48,679, 48,695 (Aug. 14, 2012) (codified at 37

legislative history, or case law supports BSI's position that a stay is inappropriate unless each Defendant subjects itself to the full scope of statutory estoppel with respect to all of the applicable IPR petitions, regardless of whether the Defendant filed the petition, is a real party in interest to the petitioner, or is in privity with the petitioner.

*Fifth*, the *DePuy* and *Biomet* Actions may proceed to final judgment while the BSI cases in this District are stayed.  The parties in the *DePuy* Action have exchanged preliminary infringement and invalidity contentions, *Markman* briefing has begun, the *Markman* hearing is set for March 27, 2014, and dispositive motions are due on October 23, 2014.  (*See* Ex. F at 5-8.) *Markman* briefing in the *Biomet* Action is scheduled to conclude on May 12, 2014.  (Ex. I at 2.) The more advanced stages of these actions present an additional reason for staying the BSI cases, because "should a patent or patents be found to be invalid" in the *DePuy* or *Biomet* Actions, "simultaneous progressing of litigation [in those actions] and here would be superfluous and a waste of this Court's and the attorneys' time." *Consolidated Aluminum*, 1988 WL 32213, at *1.

**B.     A Stay of the BSI Cases Will Not Unduly Prejudice, or Present a Clear Tactical Disadvantage to, BSI.**

BSI will not be unduly prejudiced or suffer a clear tactical disadvantage if the BSI cases are stayed pending resolution of the IPR petitions.  "[B]ecause [BSI] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages." *Walker Digital*, 2013 WL 1489003, at *2.  The lack of prejudice or tactical disadvantage is confirmed by BSI's delay of almost 120 days in serving the Complaints in the BSI cases.

When considering whether a party will suffer "undue prejudice" or a "tactical disadvantage" from a stay pending PTO review, courts in this District consider: (1) the timing of

---

C.F.R. §§ 42.100 *et seq.*).  Alternatively, BSI may seek to have another party found to be a "privy" of the petitioner.  BSI has done neither.

the request(s) for PTO review and the timing of the stay request, (2) the status of the PTO

proceedings, and (3) the relationship between the parties, and the related question of whether the

plaintiff may be compensated through future money damages. *Celorio*, 2013 WL 4506411, at *1

n.1. "The potential for litigation delay is not, by itself, dispositive and does not demonstrate that

a party will be unduly prejudiced." *BodyMedia, Inc. v. Basis Sci., Inc.*, No. 12-cv-133 (GMS),

2013 WL 2462105, at *1 n.l (D. Del. June 6, 2013).

     *Relationship Between the Parties.*  The relationship between the Defendants, who are

participants in the knee-replacement market, and BSI, "a non-practicing entity, which does not

manufacture or sell the products covered by the patents in suit and seeks to collect licensing

fees," favors a stay.  *See Mission Abstract Data L.L.C. v. Beasley Broadcast Grp.*, No. 11-176-

LPS, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011).  "Since [BSI] is a technology licensing

company, monetary damages can adequately compensate it for any potential infringement.

Courts have consistently found that a patent licensor cannot be prejudiced by a stay because

monetary damages provide adequate redress for infringement." *Implicit Networks, Inc. v.

Advanced Micro Devices, Inc*., No. C08-184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9,

2009) (emphasis added) (collecting cases); *see also In re Bear Creek Techs.*, 2013 WL 3789471,

at *3 n.8 (no prejudice to non-practicing entity because monetary damages sufficient to

compensate).  BSI certainly will not be **unduly** prejudiced by a stay.  *See Celorio*, 2013 WL

4506411, at *1 n.1 (no undue prejudice where patentee could be compensated with money

damages).

     *The Timing of the IPR Petitions and this Motion Favor a Stay.*  Zimmer, Wright

Medical, and S&N filed their respective IPR petitions, and the Defendants jointly filed this stay

motion, before a schedule has been set in any of the BSI cases, before any substantive activity

has occurred in any of those cases, and before discovery has commenced.  Under these circumstances, the applicable IPR petitions and this motion were filed "in a timely fashion."  *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508-09 (D. Del. 2012) (timing of requests for PTO review and stay made over six months after filing of complaint favored a stay). Further, the Defendants have no dilatory motive and were not "motivated by inappropriate litigation tactics" or "a case event that harmed [their] litigation position" in their independent filing of IPR petitions and subsequent joint filing of this motion.  *See id.*; *see also BodyMedia*, 2013 WL 2462105, at *1 n.l (no evidence of "dilatory motive" where request for PTO review and stay motion were filed before entry of scheduling order and before any discovery).  This sub-factor favors a stay.

    ***The Status of the PTO Proceedings.***  The early stage of the PTO proceedings does not weigh against granting a stay.  First, "[i]t is not uncommon for courts to grant stays pending" PTO review even before the PTO has decided to grant review.[17]  *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012); *see also, e.g.*, *Software Rights Archive*, 2013 WL 5225522, at *1-6 (granting stay before IPR instituted); *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 1:12-cv-01561-LPS-CJB, slip op. at 5 (D. Del. Jan. 15, 2014) (Ex. AA) (granting stay before IPR instituted; defendants not estopped).  In the case of IPRs, the PTO is statutorily obligated to decide whether to grant review within six months of a petition being filed and complete its review and issue a final

---

[17]    As this Court recognized during the November 26 hearing, other courts have been granting stays pending IPR before the PTO actually grants the underlying petition.  (*See* D.I. 28, Nov. 26, 2013 Tele. Conf. Tr. at 11:1-6.)

determination within 18 months of filing.[18]  *See* 35 U.S.C. §§ 314(b), 316(a)(11).  Consequently, the early stage of the IPR petitions does not "overcome the weight of th[o]se other sub-factors" with respect to undue prejudice.  *See Neste Oil*, 2013 WL 3353984, at *4.

For all of these reasons, this factor favors a stay.

**C.      The Early Stage of this Litigation Strongly Favors a Stay.**

Although more than 16 months have passed since BSI filed the BSI cases, they are still in their earliest stages.  Indeed, despite the passage of time, the true stage of these cases is apparent in view of the dearth of activity to date.  The parties have not exchanged any discovery; the Court has deferred setting a schedule until it decides the present motion to stay;[19] and the Court has not issued any substantive rulings on issues of claim construction, infringement, invalidity, or damages.  In short, very little has happened in these cases—either procedurally or substantively.  Because the BSI cases are at such an early stage, this factor weighs "strongly" in favor of granting a stay.  *Neste Oil*, 2013 WL 3353984, at *5.

## V.      CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that the Court stay the BSI cases pending resolution of Zimmer's, Wright Medical's, and S&N's IPR petitions.

---

[18]    The PTO's one-year decision-making period may be extended for good cause by not more than six months, 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c), although "[e]xtensions of the one-year period are anticipated to be rare," 77 Fed. Reg. at 48,695.

[19]    *See supra* note 5 and accompanying text.

Dated:  January 22, 2014

Respectfully submitted,

/s/ Jeremy A. Tigan
Jack B. Blumenfeld (No. 1014)
Jeremy A. Tigan (No. 5239)
**MORRIS, NICHOLS, ARSHT &**
    **TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE  19899
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
E-mail:  jblumenfeld@mnat.com
E-mail:  jtigan@mnat.com

Ken Liebman (*admitted pro hac vice*)
Elizabeth Cowan Wright (*admitted pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
E-mail:  ken.liebman@faegrebd.com
E-mail:  elizabeth.cowanwright@faegrebd.com

Daniel M. Lechleiter (*admitted pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-mail:  daniel.lechleiter@faegrebd.com

***Attorneys for Defendants Zimmer Holdings, Inc.
and Zimmer, Inc.***

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Samantha G. Wilson (No. 5816)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6681
E-mail: msharp@ycst.com
E-mail: swilson@ycst.com

Charles E. Lipsey (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP**
Two Freedom Square
Reston, VA 20190
Telephone: (571) 203-2700
E-mail: charles.lipsey@finnegan.com

Howard W. Levine (*admitted pro hac vice*)
Sanya Sukduang (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
E-mail: howard.levine@finnegan.com
E-mail: sanya.sukduang@finnegan.com

Alissa K. Lipton (*admitted pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP**
Two Seaport Lane
Boston, MA 02210-2001
Telephone: (617) 646-1600
E-mail: alissa.lipton@finnegan.com

***Attorneys for Defendant ConforMIS, Inc.***

*/s/ Benjamin A. Smyth*
Matt Neiderman (No. 4018)
Benjamin A. Smyth (No. 5528)
**DUANE MORRIS LLP**
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801-1659
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:  mneiderman@duanemorris.com
E-mail:  basmyth@duanemorris.com

Anthony J. Fitzpatrick (*admitted pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA  02110-1724
Telephone:  (857) 488-4200
Facsimile:  (857) 488-4201
E-mail:  ajfitzpatrick@duanemorris.com

Samuel W. Apicelli (*admitted pro hac vice*)
Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103
Telephone:  (215) 979-1000
Facsimile:  (215) 979-1020
E-mail:  swapicelli@duanemorris.com
E-mail:  jspollack@duanemorris.com

Michael A. Albert
James J. Foster
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA  02210-2206
Telephone:  (617) 646-8000
Facsimile:  (617) 646-8646
E-mail:  malbert@wolfgreenfield.com
E-mail:  jfoster@wolfgreenfield.com

***Attorneys for Defendants Wright Medical Group,
Inc. and Wright Medical Technology***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 22, 2014, upon the following in the manner indicated:

Philip A. Rovner                                    *VIA ELECTRONIC MAIL*
Jonathan A. Choa
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
(302)984-6000
provner@potteranderson.com
jchoa@potteranderson.com

Brian M. Rothery                                    *VIA ELECTRONIC MAIL*
Steven B. Pokotilow
Deepal S. Chadha
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212)806-5400
brothery@stroock.com
spokotilow@stroock.com
dchadha@stroock.com


                                    */s/ Jeremy A. Tigan*